**SO ORDERED.**

**SIGNED this 10 day of April, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

4.98 WESTGATE PARTNERS, LLC,    CASE NO. 11-05768-8-JRL

    DEBTOR.    CHAPTER 11

_____

### ORDER

This matter came before the court on the debtor's motion to extend time for plan confirmation, objection to the Bank of the Ozarks' ("Ozarks") claim, and motion for confirmation of the debtor's chapter 11 plan. A hearing was held on April 5, 2012 in Raleigh, North Carolina.

On September 22, 2008, the debtor executed a promissory note to Woodlands Bank for $1,440,000.00. The note is secured by 4.98 acres of the debtor's real property in Leland, North Carolina ("property"). In July 2010, the Federal Deposit Insurance Corporation ("FDIC") purchased Woodlands Bank and sold it to Ozarks. The FDIC and Ozarks entered into a loss-share agreement where the FDIC would reimburse Ozarks 80% of its loss on certain loans. The debtor's loan is a loss-share loan.

The debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code

on July 29, 2011. Ozarks filed a proof of claim in the debtor's case for $1,488,324.07. On November 21, 2011 and December 12, 2011, Ozarks sent the debtor letters stating that the outstanding balance on the loan was $1,116,000.00. After consulting with its auditor, Ozarks sent another letter dated January 23, 2012. The letter stated, "[t]he information sent to you by letter . . . incorrectly identified the account balance as of September 30, 2011 as $1,116,000.00 rather than $1,440,000.00." The promissory note shows that the principal amount was $1,440,000.00 and the debtor was to make interest only payments. The principal was due in full on September 22, 2010 and Ozarks contends that the debtor never paid down the principal.

      The executive vice president for Ozarks testified that $1,116,000.00 is the carrying balance of the note for internal accounting purposes. However, the principal still owing is $1,440,000.00. He also testified that under Ozarks' loss-share agreement with the FDIC, Ozarks is obligated to collect all outstanding debt. Ozarks is not permitted to recover from the FDIC and a debtor for the same obligation. If Ozarks receives funds from both the FDIC and a debtor then it must reimburse the FDIC.

      Ozarks contends that the letter incorrectly identified the outstanding loan balance. The debtor conceded at the hearing that its main concern was that Ozarks would be receiving a double recovery from the FDIC and the debtor, but that it was satisfied that this was not the case. The court finds that the letters sent on November 21, 2011 and December 12, 2011, contained an accounting error. The underlying documents show that the principal balance is $1,440,000.00 and the debtor has not made a payment on this balance. Ozarks agreement with the FDIC does not alter Ozarks' right to collect from the debtor.

      The second matter before the court is the debtor's motion to extend time for plan

confirmation. The deadline for obtaining confirmation is currently April 26, 2012. The debtor contends it will not be able to prepare and circulate a proposed order prior to the current deadline. Ozarks and the Bankruptcy Administrator do not object to a reasonable extension of time.

Based on the foregoing, the debtor's objection to claim is **OVERRULED**. The debtor's motion to extend time for plan confirmation is **ALLOWED**. The deadline is extended by thirty days. Counsel for the debtor and Ozarks are directed to submit an agreed order confirming the debtor's plan consistent with the court's ruling at the conclusion of the hearing.

**END OF DOCUMENT**